Ruffin, C. J.
The presiding Judge gave every instruction the defendant’s counsel asked for, (and even went beyond the prayer in some respects,) excepting only in not holding, that the instrument, given in evidence by the plaintiff, was a mortgage. Under the circumstances of the case, this Court is of opinion, that his Honor was right in so holding, and in leaving it to the jury to determine its character, as they might find the facts, whether it was given at 1he instance of the plaintiff or Teague, or before or after the sale had been completed by a contract and delivery. Upon its face the instrument is equivocal. It is not, indeed, a paper, given by the seller to the buyer, and purporting in itself to be a sale on certain conditions ; as the'defendant’s counsel says it ought naturally to have been, if that was the nature of the contract. But, although the paper comes from the other side, and might, therefore, raise a presumption, that the title had before vested in Teague, and that the purpose was to give a security from him for the price, yet that consequence does *467 not necessarily follow, either from the terms of the in. strument, or the reasons on which it may have been given. It has no terms of conveyance from Teague, as the existing owner, to the creditor, as a mortgage ought. It only says, that Teague had “bargained” for a sorrell filly with Gaither, which may mean an executory, as well as an executed, contract of purchase; and, in common parlance, the word is most commonly and properly used in the former sense. Then, there follows the covenant, that Teague will take good care of the filly, which is most unusual and inappropriate in a mortgage, properly speaking. And when it is asked, why the paper is taken from Teague, instead of being given by the vendor, the answer at once suggests itself, that, from the nature of the article, the title would apparently vest in the vendee by the contract or delivery, and, therefore, that no instrument, made by the vendor only and delivered^ to the vendee, would be available to the former to shew the terms of the contract; but that, in brder to shew that, it was necessary that the instrument should be given by Teague, saying that the title did not then vest in him, notwithstanding his bargain and possession, but remained with Gaither, until he should be paid the purchase money. According to the terms of the instrument and the nature of the property, therefore, it seems to'the Court, that, though dubious, it should be held, that it was intended, rather as evidence of a conditional sale, than to constitute a mortgage. Under those circumstances, it aids very materially in ascertaining its character, when the period at which it was given and the declared purpose of giving it are known. If it were true, that it was given, after an absolute sale and delivery by the plaintiff to Teague, and at the suggestion of the latter, as stated by him, it could be nothing elsfe but a mortgage or a security in the nature of one ; and the equivocal language would have a meaning impressed on it, which could not be mistaken. But, upon that point, the testimony of that person and *468 that of the subscribing witness were irreconcileably at issue; and the Court left their credit to the-jury, and they found that Teague’s account was not true and-that of the other was. That renders it as plain on the other side, that the instrument was not intended as a mortgage, because it was given by Teague before any property in the filly vested or could have vested in him, and, consequently, that it was not a conveyance from him, but a declaration, simply, of the terms,, on which his purchase was to become absolute.
Per Curiam, Judgment affirmed.